## In Re William Jennison.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and
STAFFORD, JJ.

Opinion filed November 30, 1901.

*Arrest on mesne-process—Duty of officer—Command of
writ.*

It is the duty of an officer committing a person to jail on mesne pro-
cess, to have him in court at the time and place named in the writ;
failing this, the imprisonment becomes unlawful.

HABEAS CORPUS. Judgment *pro forma* on an agreed
statement of facts, at the March Term, 1901, Washington
County, *Watson,* J., presiding, that relator was lawfully re-
strained, and remanding him to his former custody. The re-
lator excepted.

*J. P. Lamson* for the relator.

An officer gets his authority from the process which he
is serving, and he must follow the directions therein. It was
the duty of the officer in this case to keep the relator safely,
and to have at the place of trial at the time named.

*Edward H. Deavitt* for the respondent.

· It was no part of the jailer's duty to have his prisoner
at the place of trial. It was his duty to keep the prisoner until
he was discharged; and he would be liable for the prisoner's
escape if it had occurred on the day of trial. The relator is
not entitled to be discharged until the creditor omits for fifteen
days after final judgment to make commitment on execution.
V. S. 1747.

TAFT, C. J. The relator was arrested by one Templeton,
a deputy sheriff, upon a writ issued as a capias by a justice of
the peace, and committed to jail in Washington County, hav-

ing neglected to procure bail.   The sheriff who served the writ did not produce the relator upon the return day of the writ, nor at the time and place to which the case was continued; but the relator remained in jail from the time of his commitment, and was confined therein under such commitment at the time the petition was brought.   The precept upon which the relator was arrested and confined in jail commanded the officer, for want of goods, etc., to take the body of the defendant, if found, and him safely keep, so that he have him to appear before the authority signing the writ, etc.   It was the duty of the officer serving the precept to follow the command therein made to take the defendant's body, etc., and to have him before the authority signing the writ at the time and place therein named. Taking him, confining him in jail, and not producing him at the time and place stated in the writ, was not a compliance with the order contained in it.   The relator should have been produced at the justice trial, and under the agreed statement of facts, he must be discharged, the parties agreeing that if the relator should have been produced at the trial, such shall be the disposition of this case.   That is the only question before us, and the only one passed upon.

*The relator is discharged.*